UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -- GENERAL**

Case No.   **LA CV 15-00701-VBF**[1]     Dated:   August 5, 2015

Title:   *Rune Kraft (an individual), Plaintiff*[2] *v. Old Castle Precast Inc. (a Washington corporation), Inland Concrete Enterprises Inc. ESOP, and John Doe, Defendants*

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, SENIOR U.S. DISTRICT JUDGE

N/A                                           N/A
Courtroom Deputy                              Court Reporter

ATTORNEYS PRESENT FOR PETITIONER         ATTORNEYS PRESENT FOR RESPONDENT

N/A                                           N/A

**PROCEEDINGS (IN CHAMBERS):**       ORDER   *"Kraft v. Old Castle 3"*

**Granting Defendants' Fed. R. Civ. P. 12(b)(6) Motion & Dismissing the Complaint Without Prejudice for Failure to State a Claim;**

**Granting Leave to Amend by September 8, 2015 & Warning that the Dismissal Will Become "With Prejudice" if Plaintiff Fails to File Suitable Amended Complaint by that Date**

---

[1] Kraft filed a "Motion for Change of Assigned Judge", which was construed as a motion to recuse/disqualify and randomly assigned to Judge Wilson, who denied it by Order issued July 29, 2015 (Doc 30).

[2] By Order issued July 20, 2015 (Doc 25), this Court dismissed Kraft Americas, L.P. ("KALP") because a corporate entity may not appear except through licensed counsel. The dismissal was without prejudice to KALP's right to retain licensed counsel and have counsel file a motion to reinstate on its behalf. To date, however, no attorney has entered an appearance for KALP. Accordingly, **KALP is not a party to this action**.

MINUTES FORM 90                                    Initials of Deputy Clerk ___jmb___
CIVIL - GEN

Proceeding *pro se*, Kraft filed the complaint against Old Castle Precast, Inc. ("Old Castle"), Inland Concrete Enterprises Inc. ESOP, and a Doe on January 30, 2015. Kraft purported to file the complaint on behalf of himself and KALP. The case was assigned to Judge Snyder, *see* Doc 3, but on June 19, 2015, defendants filed a notice correctly noting that this case is related to LA CV 10-01776-VBF and LA CV 12-03681-JAK (Doc 7). The case was reassigned to Judge Fairbank on June 22, 2015. In June 2015, Kraft filed two motions to strike documents and impose sanctions and a "Motion to Have Defendant(s)' Officers of the Court Testify in Open Court . . . ." After briefing, the Court issued an Order on August 3, 2015 (Doc 31) denying plaintiff's motions to strike and sanction and denying without prejudice his motion to compel counsel to testify.

Defendants filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss, *see* Docs 6, 6-1, and 11. In July 2015, Kraft filed a response and defendants filed a reply. **For reasons that follow, the Court will grant the motion and dismiss the complaint for failure to state a claim. The Court will authorize plaintiff to amend the complaint by September 8, 2015** but warn that if he fails to file a suitable first amended complaint ("FAC") by that date, the dismissal will convert to a *with*-prejudice dismissal without further opportunity for argument.[3]

DISMISSAL OF RUNE KRAFT'S COMPLAINT FOR FAILURE TO STATE A CLAIM

In their motion to dismiss, defendants recount at length the history of four previous court actions – two in this Court and two in state court – each of which involved as parties one or more of the plaintiffs herein (Rune Kraft and/or KALP) and one or more of the defendants herein (Oldcastle, Inland, and/or the Inland ESOP):

"the Inland Action" initiated in this Court on March 11, 2010 and assigned to District Judge Valerie Baker Fairbank (*see* Doc 6-1 at 11-20);

---

[3] Defendants also moved to declare Kraft and KALP to be vexatious litigants. Kraft filed a response and defendants filed a reply in July 2015. The vexatious-litigant motion will be resolved shortly by separate opinion.

an action in the King County Superior Court of Washington State entitled *Kraft Americas, L.P. v. Oldcastle Precast, Inc.*, and assigned case number 11-2-34265-4("*Kraft I*");

another action in the King County Superior Court of Washington State, this time entitled *Kraft Americas, L.P. v. Inland Concrete Enterprises Inc., Inland Concrete Enterprises Inc. ESOP, and Nicholas L. Saakvitne as Trustee of the Inland Concrete Enterprises Inc. ESOP*, and assigned case number RIC1119768 ("*Kraft II*");

and an action initiated in this Court on April 27, 2012 entitled *Kraft Americas L.P. v. Oldcastle Precast Inc.*, and assigned to District Judge John Kronstadt as Case No. 2:12-cv-03681-JAK ("*Kraft III*"). Judge Kronstadt granted summary judgment to Oldcastle in *Kraft III* on December 18, 2013 and issued final judgment (Doc 195) on January 14, 2014. Kraft timely filed a notice of appeal on January 15, 2014 (Doc 196). The Ninth Circuit issued a notice acknowledging the appeal and assigning in number 14-55105 on January 16, 2014 (Doc 198). More than one and a half years have elapsed since then, and our Court's CM/ECF docket sheet shows no decision by the Ninth Circuit on Kraft's appeal in *Kraft III*.

The Court will ultimately need to review in detail the conduct of Kraft and KALP in those prior actions, when it comes time to rule on the motion to declare Kraft and KALP vexatious litigants. For purposes of the instant motion, however, the Court need not delve into the parties' conduct in prior actions. **The Court will grant the motion to dismiss simply because Kraft's claims are based on alleged violations of federal criminal statutes and there is no precedent holding that a private right of action exists under those statutes.**

ANALYSIS:  No Showing of a Private Right of Action under the Cited Federal Criminal Statutes

**It is Kraft's burden to establish that a statute confers a private right of action on him.** *See Opera Plaza Residential Parcel Homeowners' Ass'n v. Hoang*, 376 F.3d 831, 835 (9th Cir. 2004); *see also Grajeda v. Bank of America, N.A.*, 2013 WL 2481548, *2 (S.D. Cal. June 10, 2013) ("'Generally, criminal statutes do not confer private rights of action, and thus any party asserting a private right bears the burden of establishing its

existence.'") (citing district-court decision which cited *Stupy v. US Postal Service*, 951 F.2d 1079, 1081 (9th Cir. 1991)). The Supreme Court has cautioned that it is "quite reluctant to infer a private right of action from a criminal prohibition alone", *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190, 114 S. Ct. 1439, 1455 (1994), and our Circuit has cautioned that "[i]n the absence of clear evidence of congressional intent, [courts] may not usurp the legislative power by unilaterally creating a cause of action", *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1230-31 (9th Cir. 2008).

**In determining whether a statute confers an implied private right of action, courts employ the test in *Cort v. Ash*, 422 U.S. 66, 67, 95 S. Ct. 2080 (1975): (1)** plaintiff must belong to the class for whose *especial* benefit the statute was enacted; (2) Congress must have shown an intent, explicitly or implicitly, to create a private remedy; (3) an implied private right of action must be consistent with the statute's underlying purposes; and (4) the cause of action must not be in an area traditionally left to State law. *See First Pacific Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1121 (9th Cir. 2000). Legislative intent to create a private right of action is a *sine qua non* for an implied private right of action under a criminal statute: "[a]n evaluation of the other elements is not necessary if the court finds that Congress did not intend to create a private right of action." *Stupy v. USPS*, 951 F.2d 1079, 1081 (9th Cir. 1981).

**In counts two through nine (Doc 1 at 24-26), Kraft claims that defendants committed wire fraud in violation of "18 U.S.C. §§ 1343 and 2."** Plaintiff fails to identify any precedential decision holding that Congress created a private cause of action under this federal wire-fraud statute, and there is ample persuasive authority to the contrary. *Accord Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999) ("[W]e agree with the Fifth and Sixth Circuits and hold that Congress did not intend to create a private right of action in enacting either the mail [fraud] or wire fraud statutes.") (citing, *inter alia*, *Napper v. Anderson, Henley, Shields, Bradford & Pritchard*, 500 F.2d 636, 636 (5th Cir. 1974)); *Schrager v. Aldana*, 542 F. App'x 101, 103 (3d Cir. 2013) ("Schrager does not challenge the District Court's conclusion that there is no private cause of action for . . . wire fraud."); *Obianyo v. Tennessee*, 518 F. App'x 71, 72 (3d Cir. 2013) ("[C]riminal statutes such as 18 U.S.C. § 1343, which criminalizes wire fraud, . . . provide no private right of action.") (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283-84, 122 S. Ct. 2268, 2275-76 (2002)).

MINUTES FORM 90                                                Initials of Deputy Clerk ___jmb___
CIVIL - GEN

**In counts ten through sixteen (Doc 1 at 26-28), Kraft claims that defendants committed mail fraud in violation of "18 U.S.C. §§ 1341 and 2."** Plaintiff fails to identify any precedential decision from the U.S. Supreme Court or our Circuit holding that Congress created a private cause of action under this federal mail-fraud statute, and the Court locates ample persuasive authority to the contrary.

**In an unpublished decision, a Ninth Circuit panel held that there is "no separate private right of action for mail fraud under 18 U.S.C. § 1341."** *Ross v. Orange Cty. Bar Ass'n*, 369 F. App'x 868, 869 (9th Cir. 2010) (Fernandez, Gould, M. Smith) (citing *Wilcox v. First Interstate Bank*, 815 F.2d 522, 533 n.1 (9th Cir. 1987) (Boochever, J., dissenting in part on other grounds) (citing *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1177-79 (6th Cir. 1979) (noting paucity of legislative history or other evidence showing an intent to create a private cause of action under 18 U.S.C. section 1341, Court determined that it was unnecessary to consider other factors set forth by Supreme Court in *Cort*))); *see, e.g., Sepehry-Fard v. Nationstar Mortgage, LLC*, 2015 WL 332202, *18 (N.D. Cal. Jan. 26, 2015) (Lucy Koh, J.) ("The Court also notes that Plaintiff's claim for mail fraud fails as a matter of law because in general 'there is no private right of action for mail fraud.'") (quoting *Wilcox*, 815 F.2d at 533 n.1); *Pineda v. Mortgage Electronic Registration Systems, Inc.*, 2014 WL 346997, *2 (C.D. Cal. Jan. 29, 2014) (Josephine Staton, J.) ("Plaintiffs' sole federal claim is for mail fraud under 18 U.S.C. § 1341. However, section 1341 does not provide a private right of action.") (citing *Ross*, 369 F. App'x at 869).

*Accord Wisdom*, 167 F.3d at 408 ("[W]e agree with the Fifth and Sixth Circuits and hold that Congress did not intend to create a private right of action in enacting either the *mail [fraud]* or wire fraud statutes.") (emphasis added) (citing, *inter alia*, *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977)); *Official Publications, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989) ("Official committed certain pleading errors. First, it alleged the claim arose under the provisions of, inter alia, the Mail Fraud Act, 18 U.S.C. §§ 1341 and 1343 (1982), although the acts do not provide a private right of action."); *Bey v. LVN Corp.*, 2015 WL 2015 WL 4546752, *7 (E.D. Mich. July 28, 2015) (calling it "well-settled" that "'Congress did not intend to create a private cause of action for Plaintiffs under the Mail Fraud Statute'") (quoting *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1179 (6th Cir. 1979) (citing *Cort v. Ash*, 422 U.S. 66, 79-80, 95 S. Ct. 2080 (1975))).

**In count eighteen (Doc 1 at 30) Kraft claims that defendants obstructed justice in violation of 18 U.S.C. §§ 1503, 1512 and/or 1513 and 2."** Plaintiff fails to identify any precedential decision holding that

Congress created a private cause of action under any obstruction-of-justice statute, and there is ample persuasive authority to the contrary. A Ninth Circuit panel plainly held, in a published decision overruled on unrelated grounds, "18 U.S.C. § 1503 is a criminal statute that does not provide for a private right of action." *Forsyth v. Humana, Inc.*, 114 F.l3d 1467, 1482 (9th Cir. 1997), *judgment aff'd*, 525 U.S. 299, 119 S. Ct. 710 (1999), *overruled o.g. by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc); *see, e.g., DeHaven v. Schwarzenegger*, 123 F. App'x 287, 289 (9th Cir. 2007) ("The district court also properly granted judgment on the pleadings as to DeHaven's obstruction of justice claim because obstruction of justice is a criminal charge that does not provide a private cause of action.") (citing *Forsyth*, 114 F.3d at 1482). *Accord Zastrow v. Houston Auto Imports Greenway, Ltd.*, 789 F.3d 553, 560 n.4 (5th Cir. 2015) ("To the extent that Zastrow also purports to raise an independent claim under 18 U.S.C. § 1503 itself, this claim fails because '§1503 is a criminal statute that does not provide for a private cause of action.'") (quoting *Forsyth*, 114 F.3d at 1482, and citing *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960)); *Gage v. Wells Fargo Bank, N.A.*, 555 F. App'x 148, 151 (3d Cir. 2014) (on allegation that defendants obstructed justice by refusing to comply with a subpoena, plaintiff did not have a private right of action under the criminal statutes governing obstruction of proceedings before agencies and committees (18 U.S.C. § 1505) or obstruction of criminal investigations (18 U.S.C. § 1510)); *Odell v. Humble Oil & Refining Co.*, 201 F.3d 123, 127 (10th Cir. 1953).

**In count 17 (Doc 1 at 28-30), Kraft claims that defendants *conspired* to obstruct justice in violation of 18 U.S.C. § 371.** Because Kraft has not shown that there is a private right of action for violation of the criminal obstruction statute, he also has not carried his burden of showing there is a private right of action for *conspiring* to violate that statute. *See Reynolds v. Wilkinson*, 2014 WL 4062771, *4 (N.D. Cal. Aug. 14, 2014) ("'[W]here there was no private right of action under a criminal statute, plaintiff could not . . . claim . . . conspiracy to violate that very same criminal statute[.]'") (quoting *Robinson v. Joya*, 2010 WL 890437, *11 (E.D. Cal. Mar. 8, 2010)).

**In count nineteen (Doc 1 at 31-32), Kraft claims that defendants *conspired* to commit money laundering in violation of 18 U.S.C. § 1956(h).** First, plaintiff has not carried his burden of demonstrating congressional intent to create a private right of action to redress violations of this money-laundering statute. *See Schrager v. Aldana*, 542 F. App'x 101, 103 (3d Cir. 2013) ("Schrager does not challenge the District Court's

MINUTES FORM 90  Initials of Deputy Clerk ___jmb___
CIVIL - GEN

conclusion that there is no private cause of action for money laundering . . . ."). *A fortiori*, Kraft also has not carried his burden of demonstrating that there is a private right of action for *conspiring* to violate that criminal statute. *See Reynolds*, 2014 WL 4062771 at *4 (quoting *Robinson*, 2010 WL 890437 at *11). **In count one (Doc 1 at 1-24), Kraft claims that defendants committed "*conspiracy* to commit mail fraud, wire fraud and obstruction of justice" in "[v]iolation of 18 U.S.C. § 1962."** Because plaintiff has not demonstrated that there are private rights of action for violation of the criminal mail fraud, wire fraud, or obstruction statutes, he necessarily has not shown that there is a private right of action for *conspiring* to violate those statutes. *See id.*

No Need to Consider Whether Claims Might Also Be Barred by Issue Preclusion or Claim Preclusion

**This obviates the need to consider defendants' alternative argument (MTD Doc 6-1 at 22-28) that these claims are also subject to dismissal under the doctrines of issue preclusion or claim preclusion.** *See Five Points Hotel P'ship v. Pinsonneault*, 2014 WL 1713623, *5 n.2 (D. Ariz. May 1, 2014) (James Teilborg, Sr. J.) ("Because the Court finds Plaintiffs' sole claim does not stand as a separate and independent right of action, the Court does not need to consider whether Plaintiffs' claim is barred by res judicata . . . ."), *appeal filed* (9th Cir. May 16, 2014) (No. 14-15970); *cf., e.g., Lara v. Holder*, 543 F. App'x 631, 631 (9th Cir. 2012) ("In light of this disposition, we need not reach Mendoza Lara's . . . contentions regarding *res judicata*."); *Gimbel v. California*, 308 F. App'x 124, 126 with n.2 (9th Cir. 2009) ("[T]he district court properly dismissed Gimbel's action for want of subject-matter jurisdiction. We need not reach Appellees' argument that Gimbel's complaint is also barred by *res judicata* and collateral estoppel."); *Carson Harbor Village, Ltd. v. City of Carson*, 353 F.3d 824, 830 n.6 (9th Cir. 2004) ("Because we affirm the dismissal of Carson Harbor's regulatory takings claim on ripeness grounds, we need not address the City's alternative that res judicata also justifies the dismissal.").

No RICO Claim Has Been Properly Pled in the Complaint

**Finally, the Court does not consider defendants' argument (MTD Doc 6-1 at 32) that if Kraft *had* asserted a RICO claim, it would not** meet the heightened pleading standard of Fed. R. Civ. P. 9(b) and would not state a claim on which relief could be granted for purposes of Fed. R. Civ. P. 12(b)(6). As defendants note, the complaint "does not purport to state a cause of action" under RICO; it merely mentions RICO and its statute

of limitations in passing. Accordingly, the Court finds that plaintiff has not pled a RICO cause of action. *See Rivero v. Taylor*, 2010 WL 3384913, *5 (S.D. Fla. Aug. 3, 2010) ("Although Plaintiff cites to federal and Florida RICO statutes in the introduction to the SAC [Second Amended Complaint], he does not purport to allege the elements of a RICO claim."), *R&R adopted*, 2010 WL 3384907 (S.D. Fla. Aug. 24, 2010), *aff'd*, 465 F. App'x 839 (11th Cir. 2012); *cf. generally Morris v. Green Tree Servicing, LLC*, 2015 WL 4113212, *9 (D. Nev. July 8, 2015) (analyzing plaintiff's "claim of civil RICO . . . predicated on mail fraud, wire fraud, and extortion" and discussing, *inter alia*, *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (citing 18 U.S.C. § 1964 subsection c) and *H.J., Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 109 S. Ct. 2893 (1989)).

<u>Plaintiff Has Leave to Amend the Complaint By Tuesday, September 8, 2015</u>

**The Court will grant plaintiff leave to amend the complaint by Tuesday, September 8, 2015. If plaintiff fails to file an amended complaint by that deadline, the dismissal of the complaint and this action will automatically convert to a *with*-prejudice dismissal.** *See Lynch v. City of Alhambra*, 880 F.2d 1122, 1124 (9th Cir. 1989) (following dismissal without prejudice of complaint, the plaintiff's failure to cure the deficiencies of the complaint within the period provided by the district court converted the dismissal into a final, appealable with-prejudice dismissal); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671 (9th Cir. 1981) (after dismissing the original complaint for failure to set forth a short, clear, and concise statement of the claims in violation of Fed. R. Civ. P. 8(a) and 8(e) and failing to state a claim on which relief could be granted under Fed. R. Civ. P. 12(b)(6), the district court did not abuse its discretion in dismissing the amended complaint *with* prejudice and denying plaintiff's motion for leave to further amend). *See, e.g., Davis v. State of California*, 2015 WL 114178, *3 (C.D. Cal. Jan. 8, 2015) (Kato, M.J.) ("If plaintiff fails to timely file a Second Amended Complaint, the dismissal will be converted to a 'with prejudice' dismissal due to a lack of prosecution and failure to comply with the Court's Order. Likewise, if plaintiff does file a [SAC], but [it] fails to comply with Rule 8 or still contains claims on which relief cannot be granted, the dismissal will be converted to a 'with prejudice' dismissal."); *Vega v. Nunez*, 2014 WL 1873265 (C.D. Cal. May 8, 2014) (Fairbank, J.); *Ferguson v. Pagati*, 2013 WL 3989426, *1-*2 (C.D. Cal. Aug. 1, 2013) ("If plaintiff fails timely to file a second amended complaint, the dismissal will be converted to a with-prejudice dismissal due to lack of prosecution and failure to comply with court order.

Likewise, if plaintiff does file a second amended complaint but [it] still does not state a claim . . . , the dismissal will be converted to a with-prejudice dismissal."); *Altman v. HO Sports Co., Inc.*, 2009 WL 4163512, *9 (E.D. Cal. Nov. 23, 2009) (same); *US v. Nayak*, 2008 WL 140948, *5 (S.D. Ill. Jan. 11, 2008) (dismissing without prejudice for failure to satisfy Fed. R. Civ. P. 9(b) and 12(b)(6), affording the relator until a date certain to file an amended complaint, and stating, "The Court:   * * *  **WARNS** the relator that should she fail to timely move to amend . . . or should the proposed amended complaint fail to comply with Rules 9(b) and 12(b)(6), the Court may deny leave to amend and convert the dismissal of this case to one with prejudice."); *Morgan v. Mason*, 1999 WL 500997, *2 (D. Idaho June 1, 1999) ("Plaintiffs are given thirty days to amend from the filing date of this order.  Failure to timely amend will convert this dismissal to one with prejudice.  Plaintiffs are also admonished that failure to amend so as to comply with Rule 8 may also result in dismissal with prejudice.") (citing *Nevijel*, 651 F.2d 671), *recon. denied*, 1999 WL 718599 (D. Idaho July 21, 1999).

ORDER

Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss the complaint for failure to state a claim **[Doc # 6] is GRANTED**.

The complaint is **DISMISSED without prejudice**.

**No later than Tuesday, September 8, 2015, plaintiff MAY FILE** a first amended complaint.

If plaintiff does not timely file a first amended complaint, the dismissal of this complaint and this action shall be converted to a with-prejudice dismissal without further opportunity for argument or objection.

If plaintiff timely files a first amended complaint but it again fails to state a claim on which relief can be granted, the Court may dismiss the first amended complaint *with* prejudice.

The Court will not issue final judgment at this time.
Defendants' vexatious-litigant motion will be resolved shortly by separate opinion.
IT IS SO ORDERED.

MINUTES FORM 90                                              Initials of Deputy Clerk   __jmb____
CIVIL - GEN